## United States *v.* Jordan Marsh Co.

No. 4504.—Invoices dated Kobe, Japan, April 30, May 11, 1931.
Entered at Boston, Mass., June 9, 15, 1931.
Entry Nos. 5385, 5420.

Second Division, Appellate Term

(Decided February 1, 1939)

*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the appellant.

*Joseph F. Lockett* for the appellee.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: These are applications for a review of the decision and judgment of Presiding Judge McClelland rendered on September.15, 1938, and published as Reap. Dec. 4384, wherein he determined the dutiable value of certain Japanese earthenware to be the entered value thereof.

According to the notation on the invoice the merchandise was appraised at the invoiced prices plus 41 sen per cubic foot for case and packing and miscellaneous charges.

At the hearing before the trial judge held at the port of Boston on June 22, 1932, the only evidence submitted by the plaintiff was an affidavit by M. Levy, a representative of the Oriental Purchasing Co., executed before the American vice consul at Kobe, Japan, which was admitted in evidence as Exhibit 1 over the objection of the counsel for the Government.

This affidavit reads as follows:

I, M. Levy, representative of Oriental Purchasing Company, do hereby state that I am personally familiar with the prices paid, the cost of packing, cartage and shipping, of certain merchandise shipped to Jordan Marsh Company, Boston, Mass., under consular invoice 7593 certified April 30, 1931, at Kobe, Japan, and consular invoice 8268 certified May 11, 1931.

I further certify that the amount actually paid for case and packing in both shipments was at the rate of 31 sen per cubic foot and that no other sum was paid for case and packing whatsoever; that the amount shown on both of said invoices for cartage and shipping represents the actual amount paid by us for that service and no other charge of any sort whatsoever is included in said item except the actual amount expended for cartage and shipping.

All the other charges stated on the consular invoices are true and correct and represent the actual disbursements for such charges.

The trial judge's decision concludes as follows:.

At the close of the hearing before me in Boston, as aforesaid, the appeal was suspended to await the outcome of *United States* v. *F. W. Woolworth Co.*, 26 C. C. P. A. 33, T. D. 49576, wherein it was held that the appeal to reappraisement should have been dismissed for the reason that there was no substantial evidence of record in support of the appeal. In this case, since the Government offered nothing in the way of evidence in support of the appraiser's finding, I find the foreign value, as that value is defined in section 402 (c) of the Tariff Act of 1930, is the proper basis for the determination of the values of the merchandise here involved and that such values are the entered values.

We have carefully examined the case of *United States* v. *F. W. Woolworth Co.*, *supra*, cited by counsel for the Government in their brief filed herein, and in our opinion it has no application to the case at bar. In our opinion the trial judge was justified in admitting the affidavit marked Exhibit 1.

Upon the entire record we find the entered values of the Japanese earthenware constituting the imported merchandise at bar to be the dutiable values thereof. The decision and judgment of the trial judge is therefore affirmed, and judgment will be rendered accordingly.